JOHN CRAWFORD, plaintiff in error, *vs.* D. S. CANTRELL, guardian, defendant in error.

When a suit was brought in 1861 against a principal and security, and the security had a good defense, but by reason of his attorney having gone into the army, and by reason of the principal having also gone into the army, the said security rested under the belief that the cause would not be tried, and judgment was, nevertheless, taken without the knowledge of the security: *Held,* that a bill in equity for a new trial, filed within twelve months after the adoption of the Constitution of 1868, and setting up the foregoing facts was not demurrable.

Motion to set aside Judgment. *Laches.* Before Judge PARROTT. Gordon Superior Court. October Term, 1869.

Crawford's bill, filed in February, 1869, contained the following averments : One Phillips was elected Clerk of the Court of Ordinary of Cass (now Bartow) county and asked him to become one of the securities on his official bond, telling him that Lewis Tumlin would also stand his security. Knowing Tumlin's wealth and prudence, he agreed to sign with Tumlin. On the 9th of May, 1849, he went with Phillips before the Justices of the Inferior Court (whose duty it was to take said bond) and signed the bond, as a security, with the express understanding with Phillips, and the Justices, that Tumlin, who was absent, was to sign it also, or he, Crawford, was not to be bound by his signature. Some time afterwards, two other persons signed it as securities, but Tumlin never did, and the Justices accepted it so signed. Crawford never knew that Tumlin had not signed the bond,

nor that the other persons had, till in 1861, when a suit was brought on said bond, in favor of said Cantrell as guardian of Moses Cantrell, against Phillips and his securities. Crawford employed his son to defend him against said suit. Before the trial term, Phillips and Crawford's son were both in the Confederate army. Crawford was told that the absence of Phillips and his son, in the army, was cause for said cause to be continued. He was very old and infirm, being now eighty years old, and lived five miles from the Court house. He, therefore, paid no attention to it. He heard nothing more about it, and supposed the cause had been settled, or abandoned, until in October, 1868, when a *fi. fa.*, founded upon a judgment which had been obtained against Phillips, and his securities, in said cause, in October, 1861, was levied upon Crawford's land. One of the co-securities, and said Phillips, died insolvent, and the other security is insolvent, while Tumlin is wealthy. In slaves, and other specified property, Crawford lost by the war, and without his fault, $26,000 00. He prayed for injunction against said *fi. fa.*, and that said judgment might be set aside, and a new trial be granted. This bill was demurred to for want of equity. The demurrer was sustained, and the bill was dismissed. This is assigned as error.

W. AKIN for plaintiff in error, said the bond did not bind Crawford, because Tumlin did not sign it : 6th Ga. R., 202 ; 10th, 414 ; 3rd Wend. R., 380 ; and that he gave sufficient excuse for not defending.

WILLIAM H. DABNEY, for defendant.

McCAY, J.

It is not denied but that the complainant sets forth a good defense to the debt he is seeking to have enjoined, unless he has so slept over his rights as that, under the rules, he cannot ask for the interference of a Court of Equity. The suit at law was brought to April Term, 1861, just after the breaking out of the war. The principal defendant went into the

war, that summer; at any rate, he, as well as the complainant's son, whom the complainant relied on to put in his defense, were gone, at the term of the Court when the judgment was obtained. By the common practice of the Courts, during the war, as we all know, as well as by an Act of the Legislature of 1861, cases so situated, were continued, as a matter of course. And so strongly was the Legislature bent on protecting men in the situation of the principal defendant, in this case, that in 1865 an Act was passed, allowing them, within twelve months after their return home, to enter an appeal from any judgment that might have been taken against them in their absence. Act of 1865. We think Crawford had a right to believe that the case would not be tried, and that he is excusable for not attending the Court and seeing to his defense.

It is said, however, that, when the war closed, he ought to have immediately looked after it. That is true. And under ordinary circumstances, such *laches* would bar his rights in a Court of Equity, but the Constitution of 1868, in adopting and ratifying the judgments of the Courts during the war, expressly provides that any person, against whom an illegal judgment was taken during that period, shall have twelve months, after the adoption of the Constitution, within which to seek redress. This bill was filed, within that time, and is not, therefore, in our judgment demurrable for this reason.

Judgment reversed.